CRESCENT CITY LIVE-STOCK LANDING & SLAUGHTERHOUSE CO. (LIVE-STOCK DEALERS' & BUTCHERS' ASS'N v.). See Case No. 8,408.

---

## Case No. 3,388.

### CRESSLER v. CUSTER.

[1 MacA. Pat. Cas. 216.]

Circuit Court, District of Columbia. April Term, 1853.

INTERESTED WITNESS.

[An assignee of a patent, who understands that he has acquired the right to use an improvement thereto, is interested, and therefore incompetent to testify for the patentee on an interference to which the latter is a party, and which involves priority of invention of the improvement in question.]

On appeal from the commissioner of patents.

A. B. Stoughton, for appellant.

MORSELL, Circuit Judge. The commissioner's decision is dated the 10th of December, 1851, and states that "whereas, upon the appointed day of hearing, of which due notice had been given to the parties, it appeared upon the testimony of James Campbell that Daniel Custer, one of the parties in this interference, described to the said witness in the month of July, 1850, the feeding-wheel marked H, the principal device in this interference, and also described and represented the gauge-tube used in connection with the wheel; and whereas it did not appear from the evidence before this office that the said William Cressler did invent the above two devices involved in this interference earlier than the date of his application for a patent: therefore it is hereby declared, according to the evidence before this office, that Daniel Custer is the first inventor of the feeding-wheel and gauge-tube involved in this interference." It appears to be understood that the only question that I am called upon at present to decide upon the reasons of appeal and the ground of the commissioner's decision is as to the competency of James Campbell, the witness on the part of Daniel Custer, on the ground of interest in the witness. The usual test in such cases is whether the witness is interested in the event of the suit or issue—whether he is to lose or gain by the event; that is, whether he has an interest, legal or equitable, (if real,) which will be secured or continued to him in the event of success, or lost in the event of non-success, of the party in whose favor he is called as a witness. The report states "that in the year 1849 Daniel Custer patented a seed-planter. In the following spring he entered into some business arrangements with William Cressler for disposing of the machines. In the meantime a modified seed-planter was invented by one or both of the parties, each claiming to be sole inventor, and each applied to the patent office for a patent—Daniel Custer on the 26th March, 1851, and William Cressler on the 18th March, 1851. Each applied for a patent for the same improvement in said planters, namely, for a certain seed-distributing wheel or pinion-feeding wheel, together with a tube called a gauge-tube for sewing wheat," &c. In another part the commissioner says: "It should be also stated that the said Daniel Custer had patented a seed-planter November 13th, 1849, and that he had sold rights in sections of territory to different individuals. James Campbell the witness, held in that patent an assigned right." The assignment to the witness is referred to, and is to be found among the

papers on the face of which it does not appear that the said improvement was assigned; .but the witness in his deposition ·says: "The reason I put some of their improvements into my drills, I got them off their patterns to try them. I got off their tubes a couple of sets. I also got them wheels off their patterns.· The ·fact is, I got all the castings off their patterns. I used the wheel marked H from July, 1S50, with Mr. Jenkins' permission and with Custer's permission. I supposed that the wheel H was patented when I bought the right from Israel" (agent of Daniel Custer). Although, as I said before, it does not appear from the face of the assignment that the witness bought the improvement, yet he seems to have understood that the use of it formed a part of the consideration; and the use of it, with the consent and permission of Custer, creates an equitable right. If, then, Custer succeeds in defeating Cressler in this case, the witness certainly had a right to expect that the use would be continued to him. On the other hand, if Cressler succeeded, the right would be withdrawn.

I am of opinion, therefore, and do so decide, that the said James Campbell was an interested and incompetent witness, and that his testimony ought to be rejected.